IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| EVA MITCHELL,<br>    *Plaintiff,* | § § § | |
| v. | § § § | 6:22-CV-00195-ADA |
| BAYLOR UNIVERSITY,<br>    *Defendant.* | § § § § | |

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation of United States Magistrate Judge Gilliland. ECF No. 8. The Report recommends that Defendant's Motion to Dismiss be granted in part and denied in part. The Report and Recommendation was filed on June 27, 2022.

A party may file specific, written objections to the proposed findings and recommendations of the magistrate judge within fourteen days after being served with a copy of the report and recommendation, thereby securing *de novo* review by the district court. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). A district court need not consider "[f]rivolous, conclusive, or general objections." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)).

Defendant filed objections on July 11, 2022. ECF No. 9. The Court has conducted a *de novo* review of the motion to dismiss, the responses, the report and recommendation, the objections to the report and recommendation, and the applicable laws. After that thorough review, the Court is persuaded that the Magistrate Judge's findings and recommendation should be adopted.

As to Defendant's argument that the ordinary negligence claims should be dismissed because they are barred by the competitive sports doctrine, the Court finds that this turns on the "risk of injuries that are inherent in the nature of the sport." ECF No. 9 at 2. Plaintiff did not plead in the Complaint that the risk at issue in this case (concussions from heading mechanically launched balls 70 yards away) is inherent in the nature of the sport. This factual dispute is better suited for summary judgment or trial. The Court overrules this objection.

As to Defendant's objection to the negligent monitoring and oversight claims, Defendant argues that the "Plaintiff must provide at least some information regarding . . . what training or supervision should have been provided but was not." ECF No. 9 at 5. The Complaint states that "Defendant Baylor University was on notice of Coach Johnson's aggressive coaching and was aware of his heading drills . . . causing concussions . . . . Despite being on notice . . . Defendant Baylor university did nothing to prevent the injuries and damages." ECF No. 1 ¶ 13-14. Thus, the Complaint sufficiently alleges that Baylor should have told Coach Johnson to stop and/or discipline Coach Johnson. *Id.* ¶ 50. The Court overrules this objection.

As to Defendant's objection regarding negligent retention, Defendant argues that the asserted facts are insufficient to support the claim because there are "no factual allegations . . . alleging how Baylor University personnel with authority over the coaching staff 'had some reason to know' of any alleged wrongdoing by the staff working with the women's soccer team." ECF No. 9 at 6. Again, the Complaint states, "Defendant Baylor University was on notice of Coach Johnson's aggressive coaching and was aware of his heading drills . . . causing concussions . . . . Despite being on notice . . . Defendant Baylor university did nothing to prevent the injuries and damages." ECF No. 1 ¶ 13-14. At the pleadings stage, the Court finds the alleged facts sufficient to support the claim. The Court overrules this objection.

As to Defendant's objections to gross negligence, Defendant's objection largely takes issue with the Magistrate's reliance on the "hyperbolic" assertion that "Baylor University was the only women's soccer program in the country utilizing this drill." ECF No. 9 at 7. At the pleadings stage, the Court finds it appropriate assume this well-plead fact is true and not a hyperbole.  The Court overrules this objection.

As to Defendant's objections to the release and assumption of risk, the Court finds that the documents that Defendant relies on are not incorporated in the Complaint.  It is premature to consider this extrinsic evidence at the pleadings stage.  The Court overrules this objection.

As to Defendant's request to convert its 12(b)(6) motion into a motion for summary judgment, the Court finds this premature.  The Plaintiff must be given an opportunity to conduct discovery, collect and present its own evidence, depose relevant witnesses, and challenge the admissibility of any evidence offered by the Defendant.

 **IT IS THEREFORE ORDERED** that the Report and Recommendation of United States Magistrate Judge Gilliland, ECF No. 8, is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant's objections are **OVERRULED**.

SIGNED this 9th day of August, 2022.

**ALAN D ALBRIGHT**
**UNITED STATES DISTRICT JUDGE**