IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| EVA MITCHELL | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case No. 22-CV-00195-ADA-DTG |
| v. | § | |
| | § | |
| BAYLOR UNIVERSITY | § | |
| | § | |
| Defendant. | § | |

**JOINT MOTION TO CONTINUE PRETRIAL DEADLINES AND TRIAL DATE**

Pursuant to Federal Rule of Civil Procedure 16(b)(4), Plaintiff Eva Mitchell and Defendant Baylor University (collectively, the "Parties"), by and through their attorneys of record, respectfully request that the Court continue all pretrial deadlines and the trial setting of this case by at least 60 days. Good cause exists for this continuance, and the Parties will show as follows:

## I.    PROCEDURAL HISTORY

Plaintiff filed this lawsuit on February 24, 2022.[1] In April 2022, Baylor filed a Motion to Dismiss and alternatively, a Motion for Summary Judgment.[2] On August 9, 2022, the Court issued an Order Adopting Magistrate Judge's Report and Recommendation, partially granting and partially denying Baylor's Motion to Dismiss.[3] Following the Court's ruling, Baylor filed its Original Answer to Plaintiff's Original Complaint on September 6, 2022.[4] The Court issued an original  Agreed Scheduling Order on February 9, 2023, with a trial setting of January 22, 2024.[5]

---

[1] Pl's. Orig. Compl., Doc. 1.
[2] Baylor's Mot. to Dismiss, Doc. 5.
[3] Ct's Order, Doc. 11.
[4] Baylor's Orig. Ans., Doc. 14.
[5] Agreed Sch. Order, Doc. 21.

On June 15, 2023, the Parties filed a Joint Motion to Continue the pre-trial deadlines and trial dates for 90 days, which the Court granted.  The Parties respectfully request a second Continuance of the trial setting, and any remaining pretrial deadlines, of at least 60 days.

## II.   BASIS FOR CONTINUANCE

### A. Standard

A trial court has broad discretion to grant a continuance for good cause. *See* F.R.C.P. 16(b)(4); *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1193 (5th Cir. 1986) ("The judgment range is exceedingly wide" when a trial court is handling its calendar and determining whether to extend deadlines.) To establish good cause, movants must show that "the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright et al., *Federal Practice and Procedure* § 1522.1 (2d ed. 1990)). Courts also weigh four factors in assessing good cause: (1) the movant's explanation for their delay; (2) the importance of the amendment to the movants; (3) potential prejudice to nonmovants in granting the amendment; and (4) the potential for a continuance to cure such prejudice (the "good cause factors"). *Id*. at 536–37.

### B. Good Cause

This is the second continuance requested in this case. The Parties agree that additional time is necessary to complete fact witness depositions and designate experts. The current fact witness discovery deadline is November 20, 2023. To date, Plaintiff has taken 11 depositions.  Baylor has taken three depositions and another scheduled on September 27, 2023.  Plaintiff has requested depositions of three additional witnesses and awaits additional written discovery to assess the remaining depositions, if any, needed.  Plaintiff is not in a position to file her expert designations on October 9, 2023 in light of ongoing discovery.

For the reasons stated above, the current schedule is impracticable and would cause the Parties to be unable to adequately meet the current deadlines and trial schedule. Accordingly, the Parties respectfully request that the Court continue any remaining pre-trial deadlines and the trial setting in this case by at least 60 days.[6]

This joint continuance is not sought for delay, but so that justice may be done.

### III.   CONCLUSION

For all the reasons stated above, the Parties respectfully request that the Court grant this Joint Motion to Continue Remaining Pretrial Deadlines and the Trial Date by at least 60 days, and for such other and further relief, both at law or in equity, to which the Parties are justly entitled.

Respectfully submitted,

By: */s/ Robert Stem, Jr.*
  Robert Stem, Jr.
  State Bar. No. 24068667
  801 Washington Ave., Ste. 300
  Waco, Texas 76701
  (254) 776-0554 – phone
  (254) 442-7937 – fax
  robert@rstemlaw.com

  and

By: */s/ Jason Luckasevic*
  Jason E. Luckasevic, Esq.
  PA ID NO. 85557
  jluckasevic@gpwlaw.com
  *Pro hac vice pending*

  **ATTORNEYS FOR PLAINTIFF EVA MITCHELL**

---

[6] The Parties attach **Exhibit A**, their Proposed Agreed Amended Scheduling Order.

3

By: */s/ Courtney Kenisky*
Tori S. Levine
State Bar No. 18690500
Tori.Levine@bowmanandbrooke.com
Courtney Kenisky
Texas Bar No. 24102003
Courtney.Kenisky@bowmanandbrooke.com
Bowman and Brooke LLP
5850 Granite Parkway, Suite 900
Plano, Texas 75024
Telephone:  (972) 616-1700
Fax:  (972) 616-1701

-and-

David J. Duke
State Bar No. 00795983
david.duke@bowmanandbrooke.com
Bowman and Brooke LLP
2901 Via Fortuna Drive, Suite 500
Austin, Texas 78746
Telephone: (512) 874-3800
Fax: (512) 874-3801

**ATTORNEYS FOR DEFENDANT
BAYLOR UNIVERSITY**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies on this 26th day of September 2023, that a true and correct copy of the foregoing document was served via e-filing on all parties in accordance with the Federal Rules of Civil Procedure.

*/s/ Robert Stem*

# EXHIBIT "A"

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**

**WACO DIVISION**

| | | |
|---|---|---|
| **EVA MITCHELL,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **Case No. 22-CV-00195-ADA** |
| | § | |
| **BAYLOR UNIVERSITY** | § | |
| | § | |
| **Defendant** | § | |

# AGREED SECOND AMENDED

# SCHEDULING ORDER

The Court ORDERS that the following schedule will govern deadlines up to and including the trial date of this matter:

| DATE | EVENT |
|---|---|
| **Passed** | Discovery commences on all issues.  Initial disclosures are due on this date. |
| **Passed** | All motions to amend pleadings or to add parties shall be filed on or before this date. |

| DATE | EVENT |
|------|-------|
| 12/11/23 | Parties with burden of proof to designate Expert Witness and provide their expert witness reports, to include all information required by Rule 26(a)(2)(B). |
| 1/22/24 | Fact Discovery Deadline.  Fact discovery must be completed by this date.  Any fact discovery requests must be propounded so that the responses are due by this time. |
| 1/30/24 | Parties shall designated Rebuttal Expert Witnesses on issues for which the parties do not bear the burden of proof, and provide their expert witness reports, to include all information required by Rule 26(a)(2)(B). |
| 03/18/24 | Each opposing party shall respond,  in writing, to the written offer of settlement made by the parties asserting claims for relief by this date.  All offers of settlement are to be private, not filed, and the Court is not to be  advised of the same.  The parties are further ORDERED to retain the written offers of settlement and responses as the Court will use these in assessing attorney' fees and court costs at the conclusion of trial. |
| 03/22/24 | Mediation; the parties may eliminate this requirement by agreement; the parties should advise the court if they are unable to agree on a mediator; all parties must attend the mediation in person; legal entities must provide<br><br>a representative with full authority; if there is insurance per Rule 26(a)(1)(D), a representative with full authority must attend in person; the parties and mediator may by agreement waive the requirement of attending in person. |
| 03/27/24 | Expert Discovery Deadline.  Expert discovery must be completed  by this date. |
| 04/22/24 | Any objection to the reliability of an experts' proposed testimony under  Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for  the objection and identifying the |

| DATE | EVENT |
|---|---|
| | objectionable testimony,  not later than 14 days of receipt of the written report of the expert's proposed testimony or not later than 14 days of the expert's deposition, if a deposition is taken, whichever is later.  **The failure to strictly comply with this paragraph will be deemed a waiver of any objection that could have been made pursuant to Federal Rule of Evidence 702.** |
| 4/22/24 | All dispositive motions shall be filed and served on all other parties on or before this date and shall be limited to 25 pages.  Responses shall be filed and served on all other parties not later than 14 days after the service of the motion and shall be limited to 20 pages.  Any replies shall be filed and served on all other parties not later than 7 days after the service of the response and shall be limited to 10 pages, but the Court need not wait for the reply before ruling on the motion. |
| 05/13/24 | By this date the parties shall  meet and confer to determine pre-trial deadlines, including,  inter alia,  exchange of exhibit lists, designations of and   objections to deposition testimony, and exchange of demonstratives. |
| 05/17/24 | By this date the parties shall exchange a proposed jury charge and questions for the jury.  By this date the parties will also exchange draft Motions in Limine  to determine which may be agreed. |
| 05/27/24 | By this date the parties shall exchange any objections to the proposed jury charge, with supporting explanation and citation of controlling  law. By this date the parties shall also submit to the Court their Motions in Limine. |
| | Final Pre-Trial Conference.  The parties shall provide to the Court an agreed jury charge with supported objections of each party, and proposed questions for the jury, at the final pre-Trial Conference. |

| DATE | EVENT |
|------|-------|
|      | The Court will attempt to schedule Jury  Selection on a day during the week of _____.  Otherwise, Jury Selection shall begin              at             9:00             a.m.            on _____. |
|      | Jury Trial Commences. |

Signed  this _____day of _____, 2023.

_____

ALAN D. ALBRIGHT
UNITED STATES DISTRICT JUDGE

AGREED:


**ROBERT STEM, JR.**
Attorney at Law

801 Washington Avenue,  Suite 300
Waco, Texas  76701
Phone:  254-776-0554
Fax:  254-442-7936
robert@rstemlaw.com


By:  */s/ Robert Stem, Jr. (with permission)*
        **ROBERT STEM, JR.**
        State Bar No. 24068667
        ATTORNEY FOR PLAINTIFF



**BOWMAN AND BROOKE, LLP**
Tori S. Levine
State Bar No. 18690500
Tori.Levine@bowmanandbrooke.com

Courtney Kenisky
State Bar No. 24102003
Courtnesy.Kenisky@bowmanandbrooke.com
5850 Granite Parkway, Suite 900
Plano, Texas  75024
Phone:  972-616-1700
Fax:  972-616-1701

*AND*

David J. Duke
david.duke@bowmanandbrooke.com
2901 Via Fortuna Drive, Suite 500
Austin, Texas  78746
Phone:  512-874-3800
Fax:  512-874-3801


By:  */s/ David J. Duke*
        **DAVID J. DUKE**
        **ATTORNEYS FOR DEFENDANTS**